UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL BELSITO,

    Plaintiff,

Case No. 08-cv-12373

HONORABLE STEPHEN J. MURPHY, III

v.

JEFFREY F. JOHNSON, et al.,

    Defendants.
                                        /

## **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

This is a diversity action in which the plaintiff, Samuel Belsito, is suing defendants Jeffrey F. Johnson and Roger A. Baker for negligence in transporting the plaintiff's boat, allegedly resulting in its destruction. Currently before the Court is plaintiff's response to an order, issued by the Court on February 10, 2010, ordering the plaintiff to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.

In his complaint, Belsito asserts that the value of the damaged boat that is the subject of this litigation is $130,000–$140,000. Dkt. 1. Defendants did not answer in a timely fashion and plaintiff requested the clerk enter judgment by default, on the grounds that the value of the destroyed boat was a "sum certain." of $141,200.00. Dkts 20 & 21. Defendants Baker and Johnson then appeared and moved to set aside the entry of default and default judgment. Dkt. 26. In their motion, defendants argued, *inter alia*, that plaintiff improperly applied for and received entry of default judgment because plaintiff had misrepresented that the amount sought was a "sum certain." *Id.* In support of this argument, defendants offered evidence that similar boats were sold at prices ranging from $40,000.00 to $56,000.00. *Id.* The Court granted defendants motion to set aside default judgment. Dkt. 36. The Court also found that defendants' submissions suggested that the

amount-in-controversy requirement for diversity jurisdiction was not met. *Id.* The Court therefore ordered the plaintiff to show cause, within 21 days of the order, why the case should not be dismissed for lack of subject matter jurisdiction. *Id.*

In his response, Plaintiff claims that he offered as evidence a value assessment made by a boat surveyor in Conneaut, Ohio in 2005. Dkt. 39. Plaintiff claims that this assessment, which supposedly valued the boat at $132,000, was previously mailed to the Court. *Id.* at 2. The Court has reviewed the entire record and cannot find any such value assessment. The plaintiff also points to photographs, again not found on the record, which purportedly show the boat in its destroyed form. *Id.* Plaintiff states that he attempted to obtain an affidavit from a Mr. Kenneth Green, the author of the value assessment, but was unable to do so because Mr. Green had died. *Id.* at 2-3. Plaintiff also states that Mr. Belsito is unable to produce any documentation regarding his purchase of the boat because all such records were destroyed in a fire. *Id.* at 3. Plaintiff's response states that "at this time . . . Mr. Belsito can do nothing more to add and/or subtract from the survey and valuation dollar value placed on his value by Mr. Ken Green when conducted and completed in 2005." *Id.* The response goes on to discuss issues wholly unrelated to the order to show cause and then concludes: "Council [sic] is therefore going to rely fully on the survey provided by Mr. Ken Green, with photographs which have been supplied to his Honorable Court in further support of its Motion in Opposition as well as the Brief in Opposition as filed herein." *Id.* at 4.

Federal courts are courts of limited subject-matter jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The jurisdiction alleged in this case is diversity jurisdiction, found in 28 U.S.C. § 1332. The requirements for diversity jurisdiction are that the parties are citizens of different states and that the

amount in controversy exceeds $75,000. If either of these requirements is not satisfied, then the Court lacks jurisdiction over the case.

The court has an affirmative obligation to address its power to adjudicate an action at all stage of the proceeding and may do so sua sponte. *Ins. Corp. of Ireland*, 456 U.S. at 702. When plaintiff's allegations of jurisdiction are challenged "he must support them by competent proof." *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936). If, from the face of the pleadings, it is apparent to a legal certainty that the plaintiff was never able to recover the stated amount, the case must be dismissed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (U.S. 1938).

To date Belsito has only alleged, but has not shown, that the amount in controversy, in this case the value of the destroyed boat, exceeds $75,000. Defendants however, have submitted evidence that the value of the boat, and thus the amount in controversy, is substantially less than $75,000. The only evidence plaintiff can point to in support of his claim that the damaged boat had a higher value is an unattested insurance report that was not filed with the Court. This bare allegation does not rise to the standard of competent proof required of the plaintiff. Based on the record, it appears that Belsito, as a matter of fact, was never able to recover $75,000 in this action. The complaint will therefore be dismissed for lack of subject matter jurisdiction.

**WHEREFORE, IT IS HEREBY ORDERED** that the instant case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: June 11, 2010

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2010, by electronic and/or ordinary mail.

        <u>Alissa Greer       </u>
        Case Manager